**CITY OF CHICAGO et al., Plaintiffs,**

v.

**UNITED STATES of America et al., Defendants.**

**TENNESSEE PUBLIC SERVICE COMMISSION et al., Plaintiffs,**

v.

**UNITED STATES of America et al., Defendants.**

**Nos. 68 C 956, 1666.**

United States District Court,
N. D. Illinois, E. D.
March 19, 1970.

No. 68C956:

Raymond F. Simon, Corp. Counsel, Bernard Rane, Asst. Corp. Counsel, and Matthias Mattern, Asst. Corp. Counsels, City of Chicago, Chicago, Ill., Gordon P. MacDougall, Washington, D. C., Neill S. Brown and Robert E. Kendrick, Nashville, Tenn., Anthony Haswell, Chicago, Ill., Robert P. Doolittle, Jr., Vincennes, Ind., Harold N. Hill, Jr., Atlanta, Ga., Eugene W. Ward, Nashville, Tenn., William F. Black, Montgomery, Ala., Robert S. Matthews, Evansville, Ind., Wendell W. Wright and Marion E. Wright, Danville, Ill., William E. Nelson, Hoopeston, Ill., Keith E. Roberts, Chicago, Ill., George B. Tofaute, Terre Haute, Ind.,

David O. Benson, Atlanta, Ga., for plaintiffs City of Chicago, and others.

Edwin M. Zimmerman, Asst. Atty. Gen., and John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., Thomas A. Foran, U. S. Atty., and M. P. Siavelis, Asst. U. S. Atty., Chicago, Ill., for defendants United States.

Robert W. Ginnane, Gen. Counsel, and Barry Roberts, Atty., Washington, D. C., for Interstate Commerce Commission.

Albert E. Jenner, Jr., Thomas P. Sullivan, Keith F. Bode and David C. Roston of Raymond, Mayer, Jenner & Block, Chicago, Ill., Patrick C. Mullen and James H. Durkin, Chicago Heights, Ill., for defendant Chicago and Eastern Illinois Railroad Co.

No. 68C1666:

Raymond F. Simon, Corp. Counsel, and Bernard Rane, Asst. Corp. Counsel, City of Chicago, Chicago, Ill., Eugene W. Ward, Gen. Counsel and J. Kenneth Atkins, Asst. Gen. Counsel, Nashville, Tenn., Neill S. Brown and Robert E. Kendrick, Nashville, Tenn., Weldon A. Cousins, New Orleans, La., William G. Mahoney, Washington, D. C., William F. Black, Montgomery, Ala., Gordon P. MacDougall, Washington, D. C., Langdon D. Bell, Columbus, Ohio, for plaintiffs Tennessee Public Service Commission, and others.

Edwin M. Zimmerman, Asst. Atty. Gen., and John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., Thomas A. Foran, U. S. Atty., and M. P. Slavelis, Asst. U. S. Atty., Chicago, Ill., for defendant the United States.

Robert W. Ginnane, Gen. Counsel, and Barry Roberts, Atty., Washington, D. C., for defendant Interstate Commerce Commission.

James W. Hoeland, Louisville, Ky., and H. R. Begley, Chicago, Ill., Philip M. Lanier, Joseph L. Lenihan, James W. Hoeland and Clifford T. Coomes, Louisville, Ky., for defendant Louisville and Nashville Railroad Co.

Before KNOCH, Circuit Judge, and PERRY and ROBSON, District Judges.

ORDER

PER CURIAM.

Following the filing of a copy of the mandate of the Supreme Court of the United States herein with the Clerk of the District Court, this three-judge court on February 5, 1970 entered an order wherein it (1) remanded both causes numbered 68 C 956 and 68 C 1666 to the Interstate Commerce Commission ("I.C.C.") for further proceedings and (2) held under advisement the motion made by plaintiffs and intervening plaintiffs to reinstate the temporary restraining order in case 68 C 1666 until the conclusion of the proceedings before the I.C.C.

Thereafter the various parties filed various motions and the three-judge court now has before it (1) motion of defendant Chicago & Eastern Illinois Railroad Company ("C&EI") for rehearing or amendment of said order of February 5, 1970; (2) motion of defendant Louisville and Nashville Railroad Company ("L&N") for rehearing and amendment of said order; (3) motion of defendants United States of America and I.C.C. for a new trial in both cases with memorandum in support thereof; (4) motion of plaintiffs and intervening plaintiffs for reconsideration and amendment of said February 5 order with memorandum in support thereof; (5) response of plaintiffs and intervening plaintiffs to the aforesaid motions of defendants; (6) response of defendant C&EI to plaintiffs' and intervening plaintiffs' motion, and (7) response of defendant L&N to plaintiffs' and intervening plaintiffs' motion.

The Court has considered all the foregoing motions, the responses and memoranda of the parties hereto and the opinion of the Supreme Court herein and is of the opinion that it should reconsider its order of February 5, 1970 and should modify and amend said order as hereinafter set forth in view of the additional facts and law presented to the Court.

It is, therefore, ordered, that the order of this Court entered herein on February 5, 1970 be and the same is hereby vacated.

The Court also has before it a motion by plaintiffs to consolidate cause No. 68 C 1666 with cause No. 68 C 956 on the ground that the two actions involve a common question of law and fact. Said motion was filed September 6, 1968, briefed and argued before the three-judge court on November 4, 1968. The Court reserved its ruling on same. The Supreme Court of the United States consolidated these cases for hearing and it is the opinion of this Court that the plaintiffs' motion to consolidate should now be granted.

It is, therefore, ordered that cause No. 68 C 956 and cause No. 68 C 1666 be and they are hereby consolidated.

The Court is of the opinion that it is equitable and in the best interest of the general public to maintain the status quo which existed on September 6, 1968 until further determination of these causes, as was originally done by entry of a restraining order in case No. 68 C 1666 by Judge Edwin A. Robson on that date, immediately after the filing of this suit, and which restraining order against discontinuance of the "Hummingbird" trains by the L&N was continued in full force and effect on September 12, 1968 by Judge Joseph Sam Perry. The temporary restraining order was heretofore dissolved by the Court in its order of January 8, 1969 granting the motion of L&N to dismiss.

Plaintiffs and intervening plaintiffs allege in their memorandum, filed February 16, 1970, that the L&N promised "restoration of the train service to the Circuit Justice" and that allegation has not been denied.

The Court finds that the L&N, in its Memorandum in opposition to application to stay, represented to the Circuit Justice on January 10, 1969 the following:

"* * * petitioners will have full right to pursue their statutory appeal to this Court, and if this Court should determine, upon full consideration,

that the question of the operation of the trains should be examined by the Court below, the respondent. railroad company will be fully answerable. In other words, the respondent railroad company will promptly resume the operation of the trains if required to do so by lawful order." (L&N Memorandum in Opposition to the Application to Stay, p. 8)

The L&N also submitted to this three-judge court at the September 12, 1968 hearing an affidavit stating:

"Trains Nos. 6 and 7 can be put back in operation within a matter of less than twenty-four hours upon the dissolution of the court's order, since none of the equipment that is used in operating these trains will now be disposed of, and it will be kept in operating condition." (Affidavit of Jack Small, 9/10/68, pp. 1–2)

Defendants United States of America and I.C.C. have not interposed any objection to the motion of plaintiffs and intervening plaintiffs for reinstatement of the aforesaid restraining order against the L&N.

The Court finds that in a recent (December 3, 1969) decision of the I.C.C., 336 I.C.C. at 85, the Commission states:

"In Missouri Pac. R. Co.-Control-Chicago & E.I.R. Co., 327 I.C.C. 279 (1965), sustained sub nom. Illinois Central Railroad Company v. United States, [D.C.] 263 F.Supp. 421, affirmed per curiam 385 U.S. 457 [87 S.Ct. 612, 17 L.Ed.2d 509] (1967), C&EI's Chicago-Evansville line was awarded to L&N rather than Illinois Central, *one of the important considerations in the Commission's determination being the anticipated maintenance and improvement of through passenger service between Chicago and the South via the C&EI and L&N route * * *"* (Emphasis supplied)

The Illinois Central Railroad continues to run trains to and from the South and so should the L&N continue to operate the "Hummingbird" trains pending final determination herein.

The Court finds that the I.C.C. is without jurisdiction to order interim relief beyond a four month period in connection with the "Hummingbird" trains pending the Commission's further proceedings herein. The Court itself does have jurisdiction to reinstate operation of the "Hummingbird" trains pending the Commission's further proceedings herein.

It is, therefore, ordered that the restraining order entered herein on September 6, 1968, and continued September 12, 1968, be and the same is hereby reinstated to become effective within ten (10) days of the date of this order.

The three-judge court also is of the opinion that the I.C.C. should also reopen its investigations in the matter of the "Georgian" trains (Chicago-Evansville) involved in case No. 68 C 956, with due and proper notice to all parties in interest, and that the matters involved in cases 68 C 956 and 68 C 1666 should be consolidated by the I.C.C. in further proceedings.

■ The Court finds that in the proceedings before the I.C.C. relating to the discontinuance of the . C&EI's "Georgian" trains the public did not receive adequate notice from the railroads or of the I.C.C. proceedings; and, further, although the residents of the States of Kentucky, Tennessee and ·Georgia were vitally interested in continued through passenger service by the railroads and the respective governors of those States were entitled to notice of the proceedings before the I.C.C., no notice was given them beforehand.

The Court is of the view that through passenger service from Chicago to and throughout the Southeastern part of the United States might or could be vital to the general public interest and that such service is so interwoven and entwined between the various railroads that only in a consolidated proceeding can a just and fair decision be reached.

It is, therefore, ordered that the orders of the I.C.C. in its Finance Docket Nos. 24725 and 25047, in so far as such

orders discontinue the respective investigations, be and they hereby are vacated and that both causes numbered 68 C 956 and 68 C 1666 be and they hereby are remanded to the I.C.C. and consolidated for further proceedings in accordance with the statutes so made and provided.

The Court enters the above orders in conformity with the opinion of the Supreme Court of the United States and for the purpose of carrying out the Supreme Court's mandate.